DECISION
This case is before the Court for its decision as to whether or not to approve the defendants' certificate of compliance with the Court's contempt Order entered on February 18, 1999, pursuant to its decision rendered on November 30, 1998, and for decision on the issue of an appropriate cover material on the earthen cells in the defendants' construction and demolition debris recycling facility.
In the Order of February 18, 1999, the Court found that the exterior slope in some portions of the berm walls of some of the cells exceeded the two-to-one ratio specified in the Final Judgment in this action, entered on January 2, 1997. The Court went on to order that the offending slopes had to be corrected before January 31, 1999 and that the defendants were to file satisfactory evidence of that correction prior to February 9, 1999. On February 8, 1999, the defendants moved to extend the time for proof of compliance to February 16, 1999. That motion was granted on March 1, 1999.
The Court now has before it as well the respective applications of each of the parties with respect to cover material for the cells, which are receiving unprocessed debris and from which processed debris is being extracted, in each case on a daily basis. The plaintiffs want the cover of these cells to consist of a six inch layer of earthen material, consisting of gravel or clay, such as would be required for composting or landfill facilities, according to regulations which apply to such facilities. The defendants urge the Court to approve the use of NEED's Product #3 as a daily cover.
The Court conducted an "olfactory" view of the premises on October 8, 1999. The Court did not observe visually or "olfactorily" any smoke or fumes issuing from the exterior surface of, or through fissures in the berm walls of the cells. The Court also did not observe any smoke or fumes emerging through the daily cover of the working cells.
After consideration of all the evidence introduced in the course of protracted hearings over the past five years, the Court is satisfied that the defendants are in substantial compliance with all the material provisions of the Final Judgment, entered in this case on January 2, 1997. Any remaining slight deviation of the configuration of the berm walls from the specifications required by that Judgment are either insubstantial or immaterial with respect to the harm which that Judgment was framed to remedy.
Furthermore, the Court is satisfied that the use of NEED's Product #3 as a daily cover will meet the considerations which led the Court to decree that cover of the cells was to consist of "fresh virgin non-organic soil or clay." Accordingly, the Final Judgment may be modified to reflect the changed circumstances, and to permit the defendants to use NEED Product #3, or its equivalent, as a daily cover on the open cells. The Court does not approve the Director's belated requirement that the defendants comply with the cover requirements imposed on sanitary landfills.
Nevertheless, nothing in this decision is intended to pre-empt the authority of the Director of Environmental Management to promulgate pertinent regulations, if any are authorized, within the director's discretion regarding cover of stored construction and demolition debris at storage, treatment and recycling facilities, generally, including the defendants' facility.
The defendants will present an appropriate form of judgment for entry on notice to the plaintiffs.